UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETER C. JENSEN IV,<br><br>    Plaintiff,<br><br>vs.<br><br>SHUNDESTA L. CALLICUT, and JOHN KOSKINEN,<br><br>    Defendants. | Case No. 2:20-cv-00404-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants Shundesta L. Callicut and John Koskinen's Motion to Substitute and to Dismiss. Dkt. 6. Having reviewed the record and the briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court finds good cause to GRANT the motion.

## II. BACKGROUND

Plaintiff Peter C. Jensen IV initiated this case in Idaho state court against Callicut and Koskinen, who have both worked for the Internal Revenue Service ("IRS"), alleging that they extorted money from him through the collection of his taxes. Callicut and Koskinen thereafter filed a notice of removal. Dkt. 1. On September 3, 2020, they filed a

Motion to Substitute and to Dismiss, asserting that the United States of America should be a party defendant in lieu of them and that this case should be dismissed for various reasons. Dkt. 6. The day after the motion was filed, the Clerk of Court sent a standard Notice to Pro Se Litigants to Jensen informing him of his procedural requirements and the gravity of the situation. Dkt. 7. Jensen responded by filing a so-called Notice of Invalid Notice to Pro Se Litigant, in which he objected to the notice and proclaimed that he did not have to respond to any motion filed in this Court. Dkt. 9.

In line with his objection and proclamation, Jensen did not respond to Callicut and Koskinen's motion. Due to the passing of the twenty-one-day deadline for Jensen's Response, *see* Dist. Idaho Loc. Civ. R. 7.1(c)(1), the Court issued two successive notices of its intent to dismiss this case for failure to prosecute. Dkts. 10, 11. To date, Jensen has not taken any action to pursue his claims in this case.[1]

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). In deciding whether to

---

[1] On November 30, 2020, Jensen filed an "Affidavit of Allegations" stating, among other things, that if certain individuals did not rebut his presumptive statements in fifteen days, he would deem them admitted. Dkt. 12. He also stated that he did not consent to have this case removed, demonstrating his misapprehension of the procedural rules regarding removal. *See* 28 U.S.C. § 1446. Jensen did not, however, respond to the merits of Defendants' motion or to the motion at all for that matter as the Court ordered.

grant a motion to dismiss, the court must accept as true all well-pled factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).[2]

## IV. DISCUSSION

At the outset, the Court dismisses Callicut and Koskinen as parties and substitutes the United States of America for them. Nothing from the Complaint indicates that either named defendant had any personal involvement with Jensen's federal taxes. Nor does the Complaint allege any conduct specific to the two named defendants. Rather, it appears that Jensen is bringing a suit for refund of taxes already paid, which statutorily requires a substitution of the United States of America as the defendant. 26 U.S.C. § 7422(f)(1)–(2).

Even if it appeared that Jensen were proceeding against the two named defendants, he would be doing so as to actions they took in their official capacity as agents of the IRS, which also means this action is "essentially a suit against the United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *see also Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants,

---

[2] Defendants seek dismissal of this case on several grounds, but the Court includes only the Rule 12(b)(6) standard because that is the basis on which the Court focuses its attention. An analysis of the other asserted grounds is unnecessary given the various reasons supporting dismissal of this case.

MEMORANDUM DECISION AND ORDER - 3

but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."). Indeed, a suit for a refund of taxes is properly maintained against the United States because it is the real party in interest. Therefore, the Court substitutes the United States of America for Callicut and Koskinen, who are hereby dismissed from this case.

The Court also concludes that this case must be dismissed for several reasons. First, despite several notices that a failure to take action would lead to dismissal, Jensen has still neglected to prosecute this case. *See* Fed. R. Civ. P. 41(b). Second, Jensen has also not responded to a dispositive motion, which he was explicitly warned would warrant dismissal of this case. Indeed, the Clerk of Court mailed a standard Notice to Pro Se Litigants with the warning that a failure to respond to dispositive motions would be fatal to Jensen's case:

> **Your Response to Any of these Motions is REQUIRED**
>
> **You are warned** that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), the Court will consider the facts provided by the moving party as undisputed and **may grant the motion** based on the record before it, or it **may dismiss your entire case for failure to prosecute** (abandonment of your case). *See* Local Rule 7.1(e)(2); Fed. R. Civ. P. 41(b).

Dkt. 7 (emphasis in original). Instead of responding to the motion, Jensen objected to the notice and asserted to the Clerk of Court that he did not have to respond to the motion or any other motion for that matter because the Court "is a mere figment of the imagination." *See* Dkt. 9. Jensen's lack of response under this misguided view offers another procedural reason for dismissal of this case since a failure to respond to the motion in the allotted time is deemed consent to the motion being granted. *See* Dist. Idaho Loc. Civ. R. 7.1(e)(1).

MEMORANDUM DECISION AND ORDER - 4

Lastly, the merits of Defendants' Motion to Dismiss offer a final reason for the Court to dismiss this case. The Court agrees that Jensen's claims are precluded by two periods of limitations governing tax refund suits, and therefore they are not cognizable. There are two separate but related periods of limitations for tax refund suits: a period to file a refund claim with the IRS, *see* 26 U.S.C § 6511(a)–(b), and a period to file a refund suit following a properly filed, and denied, refund claim, *see* 26 U.S.C. §§ 6532(a), 7422(a). 26 U.S.C. § 7422(a) states that no "suit or proceeding shall be maintained in any court" for a refund of taxes or penalties paid "until a claim for refund or credit has been duly filed with the Secretary" under the federal tax laws and Treasury regulations. To be "duly filed" under this provision, a refund claim submitted to the IRS must comply with the limitations set forth in 26 U.S.C. § 6511. *Imperial Plan Inc. v. United States*, 95 F.3d 25, 26 (9th Cir. 1996). 26 U.S.C. § 6511 contains two provisions for determining the timeliness of a refund claim filed with the IRS. 26 U.S.C. § 6511(a)–(b); *Comm'r v. Lundy*, 516 U.S. 235, 239–40 (1996). A claim for refund must be made "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever is later, thus establishing a filing deadline. 26 U.S.C. § 6511(a).

Here, it is evident from the allegations in the Complaint that Jensen has not complied with the necessary procedural steps for pursuing a tax refund suit. In painstaking detail, Jensen's letter attached to his Complaint articulates the income tax he paid from 1968 to 2010. However, this time period is well outside the timely three-year or two-year filing deadline set in the Internal Revenue Code. Therefore, because the Complaint is facially

MEMORANDUM DECISION AND ORDER - 5

noncompliant with these statutes of limitation, this action must be dismissed.[3]

The Court recognizes that leave to amend is to be liberally provided, but under these circumstances, any amendment would suffer from these same timing and claim-filing defects, which in turn make any amendment futile. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend.").

## V. ORDER

For the foregoing reasons, the Court HEREBY ORDERS:

1. Defendants' Motion to Substitute and Dismiss (Dkt. 6) is GRANTED.

2. Callicut and Koskinen are dismissed from this case, and the United States of America is the substituted for them.

3. This case is DISMISSED with PREJUDICE and CLOSED.

DATED: December 7, 2020

David C. Nye
Chief U.S. District Court Judge

---

[3] To the extent Jensen was intending to proceed under the Federal Tort Claims Act, such a suit must have been directed at the United States of America, not the two named defendants, and would have run in to the same defects. *See* 28 U.S.C. § 2679(a)–(b)(1).